UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

LEVI GARY SPRINGER,
*Petitioner*,

v.

HAROLD CLARKE, ET AL.,
*Respondent.*

1:23-cv-389-MSN-IDD

MEMORANDUM OPINION AND ORDER

Virginia inmate Levi Gary Springer ("Petitioner") has filed a *pro se* pleading in which he seeks relief under Federal Rules of Civil Procedure Rule 60(b). [Dkt. No. 14]. He alleges the respondent has obstructed justice and perpetrated a fraud upon this Court that resulted in the dismissal of Petitioner's previous federal habeas petitions. *Springer v. Ray*, 1:10-cv-415, 2011 U.S. Dist. LEXIS 168617 (E.D. Va. Apr. 27, 2011), *appeal dismissed*, 448 F. App'x 326 (4th Cir. 2011) (*Springer I*); *Springer v. Clarke*, No. 1:15-cv-1275, 2015 U.S. Dist. LEXIS 190072 (E.D. Va. Oct. 19, 2015), *appeal dismissed* 653 F. App'x 208 (4th Cir. 2016) (*Springer II*). Petitioner also seeks discovery and/or an evidentiary hearing. [Dkt. No. 14]. Upon review of the pleading and this Court's records, it is evident that Petitioner is referencing Rule 60(b) in an attempt to avoid a finding that his submission is a successive habeas petition.

The Fourth Circuit has observed that, due to § 2244(b)'s statutory prohibition against the filing of second or successive habeas petitions, the Supreme Court has "firmly reined in" the availability of Rule 60(b) to a prisoner who seeks to reopen a final judgment issued in his federal habeas proceedings. *Moses v. Joyner*, 815 F.3d 163, 168 (4th Cir. 2016) (citing *Gonzalez v. Crosby*, 545 U.S. 524 (2005)). *Gonzalez* considered whether a habeas petitioner could ever invoke

Rule 60(b) without running afoul of the statutory limitations on the filing of second and successive habeas petitions in § 2244 and held that Rule 60(b) had a "valid role to play in habeas cases," but that this role is a narrow one. *Id.* at 534. Indeed, a Rule 60(b) motion that does not rely on new rules of constitutional law or newly discovered facts, "although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly." *Id.* at 531. In his pleading, Petitioner asserts the pleading is not "successive" because his motion "only challenges the district court['s] failure to reach the merits" and therefore "can be ruled upon by the district court without precertification by the court of appeals pursuant to 28 U.S.C. §2244(b)(3)." [Dkt. No. 1 at 29] (citing *Gonzalez*, 545 U.S. at 533). The Court has reviewed the petition and has not identified any instances in which Petitioner raises newly made rules of constitutional law or relies upon facts unavailable to him at the time of his initial petition.[1] Importantly, a dismissal of a previous federal habeas petition as time-barred is a ruling on the merits for purposes of successive writ analysis.

In 2010,[2] Petitioner filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his 2005 convictions in the Circuit Court of York County, Virginia, for statutory burglary, two counts of abduction, and unauthorized use of a motor vehicle. The petition was dismissed with prejudice as time-barred under 28 U.S.C. § 2244(d). *Springer I*, 2011 U.S. Dist. LEXIS 168617, at *4-7. In 2015, petitioner filed a second petition for

---

[1] The motion alleges the prosecutor denied Petitioner his right to a preliminary hearing [Dkt. No. 1 at 5-6]; the circuit court did not have jurisdiction to convict him [*id.* at 8-9]; and the state court records are fraudulent [*id.* at 11-12, 14]. The alleged fraud, in part, concerned his mental examinations during the criminal proceedings and the determination of his competency to stand trial. Petitioner's motion is difficult to understand but he appears to be raising additional arguments/claims alleging various statutory violations, misrepresentations by the prosecutor, perjury, and forging of documents and signatures on state court records.

[2] Petitioner filed a federal habeas petition in 2007, which the Court dismissed without prejudice because he had not exhausted his state court remedies. *Springer v. Unknown*, No. 1:07-cv-1110 (E.D. Va. Feb. 4, 2008).

a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, in this Court, which the Court dismissed as successive on October 19, 2015. *Springer II*, 2015 U.S. Dist. LEXIS 190072, at *1-2.[3]

The dismissal of a § 2254 application as untimely is a decision on the merits, such that any later habeas petition challenging the same conviction is second or successive for purposes of the § 2244(b) requirements. *See Quezada v. Smith*, 624 F.3d 514, 519-20 (2d Cir. 2010) (dismissal of a § 2254 petition as time-barred "constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)"); *see, e.g.*, *Ferebee v. Clarke*, No. 1:19-cv-1483, 2020 U.S. Dist. LEXIS 240815, *5 (E.D. Va. Dec. 21, 2020) (dismissing second federal habeas petition as successive after a previous federal petition was dismissed as time-barred and observing that "[f]ederal courts nationwide agree that the dismissal of a habeas petition on time-bar grounds constitutes a dismissal 'on the merits'") (collecting cases), *appeal dismissed*, 857 F. App'x 132 (4th Cir. 2021).[4] Consequently, Petitioner's second federal habeas petition, *Springer II*, was dismissed as successive.

Title 28 U.S.C. § 2244(b) compels the same result for the present federal habeas petition because a district court must dismiss a second or successive habeas petition absent an order from a panel of the Court of Appeals authorizing the district court to review such a petition. The Court of Appeals will only authorize such a review if a petitioner can show that (1) the claim has not been previously presented to a federal court on habeas corpus, and (2) the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, or the claim relies on facts which could not have been previously discovered by due diligence and

---

[3] In *Springer II,* Petitioner alleged that one of the victims perjured herself at trial; Petitioner was denied the opportunity to submit evidence of extrinsic fraud concerning mental examinations and his competency to stand trial, which rendered his convictions void *ab initio*; speedy trial violations; and sufficiency of the evidence.

[4] *See also In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011) (holding dismissal of "first habeas petition as time-barred was a decision on the merits, and any later habeas petition challenging the same conviction is second or successive and is subject to the AEDPA requirements") (citing cases from the Second, Fifth, Seventh, and Ninth Circuits).

which show by "clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B)(ii).

The gatekeeping mechanism of § 2244 affords a petitioner "an opportunity to bring new claims where the petitioner can show that he was not at fault for failing to raise those claims previously and where the claim, if meritorious, would sufficiently undermine confidence in the judgment at issue." *Evans v. Smith*, 220 F.3d 306, 323 (4th Cir. 2000). The power to determine whether a claim satisfies the requirements of § 2244, however, does not lie with the district court. It "must be made by a court of appeals." *In re Williams*, 364 F.3d 235, 238 (4th Cir. 2004). Where a court of appeals has not authorized a second or subsequent petition, "the district court lacks jurisdiction" over a successive petition. *Evans*, 220 F.3d at 325. Petitioner has not provided an appropriate order from the United States Court of Appeals for the Fourth Circuit. This Court therefore lacks jurisdiction to consider this successive petition and the petition will be dismissed without prejudice.

Accordingly, it is hereby

ORDERED that this successive petition [Dkt. No. 1] is DISMISSED WITHOUT PREJUDICE to Petitioner's right to move a panel of the United States Court of Appeals for the Fourth Circuit for an order authorizing this Court to consider the petition; and it is further

ORDERED that the motion for discovery and/or an evidentiary hearing [Dkt. No. 14] is hereby DENIED.

To appeal this decision, petitioner must file a written Notice of Appeal ("NOA") with the Clerk's Office within thirty (30) days of the date of this Order. *See* Fed. R. App. P. 4(a). A written NOA is a short statement indicating a desire to appeal and including the date of the Order the

5

petitioner wishes to appeal. Failure to file a timely NOA waives the right to appeal this decision. Petitioner also must obtain a certificate of appealability from a circuit justice or judge. *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). The Court expressly declines to issue a certificate for the reasons stated above.

      The Clerk is directed to send a copy of this Order and a standard § 2244 form to petitioner and to close this civil action.

/s/
Michael S. Nachmanoff
United States District Judge

July 28, 2023
Alexandria, Virginia